1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Ivan Dominguez,

Plaintiff,

v.

Howell, et al.,

Defendants.

Case No. 2:20-cv-00532-APG-DJA

**Order**

12   This is a prisoner civil rights action arising out of Plaintiff Ivan Dominguez' assertion that

13   Defendant Chris Weidick—a teacher at the Southern Desert Correctional Center—discriminated

14   against him. (ECF No. 14). After the Attorney General's office asserted that it would not defend

15   Weidick in the action, the Attorney General's office filed Weidick's last known address under

16   seal. (ECF Nos. 10 and 11). However, after Plaintiff filled out his Form USM-285 to serve

17   summons, it appears that the summons was served at an address different than the one filed under

18   seal. (ECF No. 16). The summons was returned unexecuted. (ECF No. 18). The twenty-day

19   deadline for Plaintiff to file a motion to attempt service again—provided for in this Court's order

20   (ECF No. 13)—passed.

21   The Court then ordered Plaintiff to show cause why he had not specified how service

22   could be re-attempted and whether he intended to attempt service on Weidick once more at the

23   address filed under seal. (ECF No. 19). The Court noted that, because it appeared service was

24   initially attempted at a different address than that filed under seal, Plaintiff would have one more

25   opportunity to attempt service. (*Id.*). Plaintiff responded and appeared to ask for another attempt

26   to serve Weidick. (ECF No. 21); *see Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th

27   Cir. 1988) (explaining that *pro se* pleadings are liberally construed, particularly where civil rights

28   claims are involved). Plaintiff appears to, understandably, be confused about the process by

which he can serve a defendant whose address is filed under seal.  Given the public policy to decide cases on their merits, the Court grants Plaintiff one more attempt to serve Weidick consistent with the instructions below.  *See Balistreri*, 901 F.2d at 699 ("[t]his court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of the technical procedural requirements"); *See Borzeka v. Heckler*, 739 F.2d 444, 447 n.2 (9th Cir. 1984) (explaining that defective service of a complaint by a pro se litigant does not warrant dismissal).

Additionally, the Court is not blind to facts before it, even those not in this case.  Having dealt with another case involving this Defendant, the Court has reason to believe that the address the Attorney General previously filed under seal may be outdated.  The Court thus orders the Attorney General's office to confirm Weidick's last known address and refile the corrected and confirmed address under seal.  After the Attorney General's office files the address under seal, it shall file a notice that it filed the address under seal and mail a copy of the notice to Plaintiff's address.  This notice should include the ECF number of the under-seal filing.

**IT IS THEREFORE ORDERED** that the Attorney General's office shall confirm that the last known address for Defendant Weidick is correct and re-file the address under seal by **Wednesday, February 16, 2022.**  The Attorney General's office is further directed to file a notice of the under-seal submission and mail a copy of the notice to Plaintiff.  This notice should include the ECF number at which Weidick's last known address is filed under seal.

**IT IS FURTHER ORDERED** that, within **twenty days** of receiving the notice of under-seal submission, Plaintiff shall fill out a USM-285 form for service on Weidick.  On the form, Plaintiff must leave blank Weidick's last known address and indicate on the form that Weidick's last known address is filed under seal at the ECF number identified in the Attorney General's notice of under-seal submission.

**IT IS FURTHER ORDERED** that, within **twenty days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service was accomplished, Plaintiff must file a notice with the Court explaining whether Weidick was served.

1    **IT IS FURTHER ORDERED** that Plaintiff has until **Tuesday, May 3, 2022** to

2  accomplish service on Weidick.

3    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff

4  a copy of this order and three blank USM-285 forms with instructions.  The Clerk of Court is also

5  kindly directed to reissue summonses for Defendant Chris Weidick and deliver the same to the

6  U.S. Marshal for service along with a copy of the complaint (ECF No. 14) and this order.

7

8    DATED: February 2, 2022

9    _____

10    DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28